UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN LAMPLEY,

                Plaintiff,

v.                                Case No. 17-cv-1132-pp

BRADY LATOUR, KATHY LEMENS,
and JOCELYN JOHNSON,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION TO APPOINT COUNSEL (DKT. NO. 26), GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME (DKT. NO. 26), AND AMENDING THE SCHEDULING ORDER DEADLINES**

---

The plaintiff has filed a motion for reconsideration of the court's July 11, 2018 order denying without prejudice his third motion to appoint counsel. Dkt. No. 26. The court will deny the plaintiff's motion for reconsideration, but it will grant his request for an extension of the scheduling order deadlines.

In its order denying without prejudice the plaintiff's third motion to appoint counsel, the court stated:

> The plaintiff's motion, which he apparently prepared without help from any other inmate, shows that he is articulate and can advocate for himself. The motion is clear and coherent. The court has no evidence to change its earlier view that the plaintiff is capable of representing himself at this stage. Specifically, the plaintiff is capable of asking the defendants for information and documents (and providing information and documents that the defendants may request) and filing, or responding to, a dispositive motion (such as a summary judgment motion).
>
> If the plaintiff needs more time to conduct discovery, to respond to a motion, or to file a motion, he may file a motion

1

> (before the deadline expires) asking the court for more time. While the court cannot give the plaintiff legal advice, it will liberally construe the plaintiff's filings and it will grant the plaintiff additional time, if he shows that he needs it. The court will deny without prejudice the plaintiff's motion to appoint counsel. Finally, if the case reaches the point where there are issues for trial, or where mediation might be appropriate, the plaintiff can renew his request for a lawyer.

Dkt. No. 25 at 3-4.

In his motion for reconsideration, the plaintiff reiterates the arguments he made in support of his motion to appoint counsel (dkt. no. 24). He states that while he can read and write a bit, he does not have legal knowledge. He indicates that an inmate named Willie Simpson was helping him—in fact, that Simpson was the one who notified the plaintiff that his rights had been violated and that he should file a lawsuit—but that Simpson was moved off his unit a couple of months ago. Dkt. No. 26 at 1-2. The plaintiff reiterates that he does not know how to work a computer or use a law library "to [his] advantage." Id. at 2. He also states that he surely will miss the deadlines in the scheduling order if the court does not grant his motion for reconsideration. Id. The plaintiff says that he has no clue as to how to respond to the upcoming deadlines because he can't really comprehend the paperwork the court sent him, id. at 3, despite the fact that he recites back to the court its ruling that he had satisfied the first part of the Pruitt test, and tried to hire a lawyer on his own, id. at 2. The plaintiff asks that, if the court decides not to grant his motion to reconsider and appoint counsel for him, that the court extend the scheduling order deadlines until after his February 2019 release from prison. Id. at 3. The plaintiff also references his mental illnesses, explaining that he takes four

2

different medications for his personality disorder, depression, mood swings and schizophrenia. Id. He says that while his illnesses do not prevent him from reading and writing, they make it difficult to follow complex instructions. Id.

There is no doubt that the plaintiff would benefit from having a lawyer. Almost all inmates would benefit from having a lawyer. In the court's experience, most inmates who file lawsuits in federal court don't have legal knowledge, don't know how to do legal research, and don't have money to hire lawyers on their own. Many suffer from mental illness. A number cannot read, or read very well. The court often wishes that Congress would pass a law paying for lawyers to represent inmates who file lawsuits. The court also often wishes that there were more private lawyers who were willing to volunteer their time to represent inmates free of charge. So far, neither of those wishes have come true; there is no money for the court to hire lawyers for inmates, and there are not enough volunteer lawyers to represent every inmate who asks (and most inmates ask).

The plaintiff's motion to reconsider is clear and easy to understand. The court continues to believe that, at this point in the litigation (where the parties are trading information and documents about the case), the plaintiff can represent himself. The plaintiff has suggested a reasonable alternative to appointment of counsel—extending the deadlines for the completion of discovery and for filing dispositive motions until his release from prison in February 2019. The court can, and will, grant that request, but it will deny the plaintiff's motion to reconsider its decision not to appoint counsel.

The court **DENIES** the plaintiff's motion for reconsideration to appoint counsel. Dkt. No. 26

The court **GRANTS** the plaintiff's request for an extension of the deadlines in the scheduling order. Dkt. No. 26

The court **ORDERS** that the deadline for the parties to complete discovery is **EXTENDED** to the end of the day on **March 29, 2019**, and the deadline for filing dispositive motions is **EXTENDED** to the end of the day on **April 30, 2019**.

Dated in Milwaukee, Wisconsin this 21st day of August, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**