UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN LAMPLEY,

                Plaintiff,

v.                                             Case No. 17-cv-1132-pp

BRADY LATOUR, KATHY LEMENS,
and JOCELYN JOHNSON,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER FOR DISCOVERY DOCUMENTS (DKT. NO. 29)**

---

The plaintiff is a Wisconsin state prisoner representing himself. He filed a complaint, alleging that the defendants acted with deliberate indifference to the risk that he would attempt suicide, in violation of the Eighth Amendment to the United States Constitution. See Dkt. No. 1 at 2-5. The court allowed the plaintiff to proceed on that claim against defendants Latour, Lemens and Johnson. Dkt. No. 17. The defendants filed an answer to the complaint, dkt. no. 21, and on June 12, 2018, the court issued a scheduling order setting deadlines for the completion of discovery and filing dispositive motions, dkt. no. 23. On August 21, 2018, the court granted the plaintiff's motion for an extension of the scheduling order deadlines. Dkt. No. 28.

1

The court has received a letter from the plaintiff, asking the court to issue an order to Green Bay Correctional Institution Records Office staff member Ms. Jodie Perttu "to turn over all documents & info, that I request for my discovery[.]" Dkt. No. 29 at 2. The plaintiff attached to his motion an Interview/Information Request; it shows that he asked Ms. Perttu how to file a "public records request," and she told him he "just need[ed] to write down what you are requesting." Dkt. No. 29-1 at 1. The plaintiff states that he did "all that she required I do" which included writing "to her asking for <u>specific</u> documents, and for <u>all</u> information, and I gave <u>specific dates</u> as well[.]" Dkt. No. 29 at 2. According to the plaintiff, Ms. Perttu denied his request and now he seeks relief from the court. <u>Id.</u>

The court advises the plaintiff that the way to obtain information from the defendants is to serve discovery requests on *the defendants* through their lawyer. Rules 26 through 37 of the Federal Rules of Civil Procedure describe the various ways in which a party can seek discovery. For example, the plaintiff can ask the defendants, again, through their lawyer, to answer certain questions (called "interrogatories"). The plaintiff can ask the defendants' lawyer to provide him with certain documents ("requests for production of documents"). *The plaintiff should send his discovery requests directly to the defendants' lawyer.*

The court becomes involved in the discovery process only if a *party to the case* fails to respond to interrogatories or requests for production of documents. If that happens, the person who is asking for the discovery may file

a motion asking the court to compel the other side to produce the discovery. A person cannot file a motion to compel, however, until he first has conferred or attempted to confer with the party failing to make disclosure or discovery. Any person who files a motion to compel needs to describe in the motion the efforts he took to work things out with the other side. See Fed. R. Civ. P 37(a); Civil L.R. 37 (E.D. Wis.).

Ms. Perttu is not a party to this case. She is not the person who is required to provide the plaintiff with information about the case. The *defendants* are the ones who are required to provide the plaintiff with information about the case. The court will deny the plaintiff's request that the court order Ms. Perttu to provide him with documents.

The court **DENIES** the plaintiff's motion for order for discovery documents. Dkt. No. 29.

Dated in Milwaukee, Wisconsin this 4th day of December, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**